Filed 10/22/24  P. v. Taylor CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW ANTHONY TAYLOR,<br><br>　　　Defendant and Appellant. | A168306<br><br>(Del Norte County<br> Super. Ct. No. CRF 23-9077) |

A jury convicted defendant Matthew Anthony Taylor of, as relevant here, felony burglary (Pen. Code, § 459).[1]  The trial court conducted a bench trial on aggravating factors and sentenced Taylor to the upper term of three years.  Taylor argues the court prejudicially erred by imposing the upper term without submitting aggravating factors to the jury pursuant to amended section 1170, subdivision (b) (section 1170(b)).  We disagree and affirm.

_____

[1] Undesignated statutory references are to the Penal Code.

1

# I.  BACKGROUND[2]

In 2023, the People charged Taylor with felony second degree burglary (§ 459) and misdemeanor resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1)).  On the burglary charge, the People alleged three aggravating factors set out in California Rules of Court,[3] rule 4.421(b):  the defendant's prior convictions are numerous or of increasing seriousness (rule 4.421(b)(2)); the defendant has served a prior term in prison or county jail under section 1170, subdivision (h) (rule 4.421(b)(3)); and the defendant's prior performance on probation, mandatory supervision, post release community supervision, or parole was unsatisfactory (rule 4.421(b)(5)).  A jury found Taylor guilty of both charges.  After the verdict was read and outside the presence of the jury, the trial court and the parties discussed how to proceed on the aggravating factors.  Taylor requested a jury trial.  Initially, the court agreed with him.  The prosecutor objected, arguing Taylor did not have a right to a jury trial.

After a recess, the trial court and the parties continued to discuss whether a jury trial on the aggravating factors was required.  Defense counsel stated that pursuant to section 1170, subdivision (b)(2) and (b)(3), she did not believe Taylor was entitled to a jury trial on the aggravating factors.  Agreeing, the prosecutor argued that the court could consider Taylor's prior convictions pursuant to section 1170, subdivision (b)(3) without submitting the matter to the jury.  To avoid proceeding on an allegation that "would be for the jury," the People dismissed the aggravating factor that the defendant's prior performance on probation, mandatory supervision, post

---

[2] We summarize only those facts necessary to resolve the sentencing issues raised on appeal.

[3] Further references to rules are to the California Rules of Court.

release community supervision, or parole was unsatisfactory.  Still, the court explained that it could not impose the upper term relying on the two remaining aggravating factors and indicated a jury trial was required.  The prosecutor disagreed, and defense counsel reiterated that Taylor requested a jury trial.

During another recess, the trial court reviewed *Cunningham v. California* (2007) 549 U.S. 270 [127 S.Ct. 856], *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348], and *Blakely v. Washington* (2004) 542 U.S. 296 [124 S.Ct. 2531].  The court explained that based on those decisions, as well as the language of section 1170, subdivision (b)(3), it could rely on the certified records of prior convictions.  As to rule 4.421(b)(2), the court stated, "I assume you can probably show prior convictions that are numerous . . . .  . . . That can be done, it appears to me, by the prior record.  Then—and not necessarily seriousness.  That appears to me to be a factual finding."  As to rule 4.421(b)(3), the court stated that whether the defendant had served a prior prison or county jail term can be shown by a certified record of conviction.  The prosecutor confirmed the request for a bench trial.  Defense counsel stated, "Obviously, there's some ambiguity, but I'm comfortable moving forward with a bench trial as well."

Thereafter, the trial court conducted a bench trial on the aggravating factors.  The prosecutor submitted nine certified records of prior convictions.  As to rule 4.421(b)(2)—that the defendant's prior convictions are numerous or of increasing seriousness—the prosecutor limited her argument to the numerosity component.  She stated that Taylor "has convictions as an adult that are numerous" and referenced his nine prior convictions.  As to rule 4.421(b)(3)—that the defendant served a prior term in prison or county jail under section 1170, subdivision (h)—the prosecutor relied on Taylor's

3

most recent conviction stemming from an incident in April 2022, where Taylor pleaded no contest to a single count of burglary and was sentenced to 16 months in county jail.

The trial court found "by proof beyond a reasonable doubt the following: That the defendant's prior convictions as an adult are numerous and do appear to be of increasing seriousness as well and that the defendant has served a prior prison term, all pursuant to [r]ule 4.421(b)(2) and (b)(3)." The court relied on certified records of seven[4] prior convictions: misdemeanor petty theft in 2013; misdemeanor domestic violence in 2013; a misdemeanor weapons conviction in 2016; misdemeanor vandalism in 2019; two felony second degree burglary convictions in 2021; misdemeanor petty theft and resisting arrest in 2021; and felony second degree burglary in 2022. Taylor had been sentenced to county prison for the prior burglary convictions. Based on this, the court stated, "So it does appear to be a plethora of evidence of multitude of convictions that are various. So you've met your burden in that, as well as two convictions for local county jail that meet your burden as well by proof beyond a reasonable doubt."

At the sentencing hearing the following month, the prosecutor discussed the aggravating factors, stating, "Two [aggravating factors] were found beyond a reasonable doubt relating to the defendant's criminal history, increasing seriousness, numerous convictions as well as serving a prior prison—county prison sentence." The prosecutor argued there were no factors in mitigation and requested the court impose the upper term of three years. Defense counsel did not argue that any mitigating factors existed.

---

[4] The prosecutor admitted nine certified records of convictions, but the trial court explained two of them were inapplicable because they were dismissals.

4

The trial court proceeded to discuss the aggravating factors. It found true the rule 4.421(b)(2) aggravating factor, stating, "[B]ased on his record, that he does have what appears to be numerous, increasing in seriousness and, like I mentioned, the four felonies in the past four years, since 2019." As to rule 4.421(b)(3), the court stated, "And then he has just recently served a prior prison term as noted in that record for the same kind of violation." After discussing those two aggravating factors, the court stated that Taylor's prior performance on probation was "unsatisfactory as he continues to commit felonies upon the school," pertaining to rule 4.421(b)(5). The prosecutor clarified that the People were only proceeding on rule 4.421(b)(2) and (b)(3) and requested the court to strike any reliance on rule 4.421(b)(5). The court then stated, "So we have two circumstances in aggravation, none in mitigation. Clearly, circumstances in aggravation still outweigh mitigation." As relevant here, the court sentenced Taylor to county jail for the upper term of three years on the burglary conviction.

## II. DISCUSSION

Taylor contends the trial court prejudicially erred in imposing the upper term without submitting the aggravating factors to the jury. Specifically, he argues that pursuant to section 1170(b), the finding that his prior convictions were of increasing seriousness needed to have been determined by the jury.

### A. *Legal Principles*

This appeal involves changes to California's determinate sentencing law. Effective January 1, 2022, section 1170(b) was amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) "to prohibit imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction,

5

'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' (§ 1170[, subd. ](b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Allegations of prior convictions may be tried by the court alone and proven by certified records of conviction. (§ 1170[, subd. ](b)(3).)" (*People v. Lynch* (2024) 16 Cal.5th 730, 742 (*Lynch*).)[5]

The California Supreme Court recently considered the extent to which section 1170(b) implicates the Sixth Amendment to the federal Constitution. (*Lynch, supra,* 16 Cal.5th at p. 746.) The court explained that under section 1170(b), "[T]he middle term is the maximum term that can be imposed unless additional factual determinations are made. It is the requirement of additional factfinding that brings the Sixth Amendment into play." (*Lynch,* at p. 759.) As explained by the United States Supreme Court in *Cunningham v. California, supra,* 549 U.S. 270, " '[U]nder the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury' and 'established beyond a reasonable doubt.' " (*Lynch,* at p. 747.) The constitutional jury trial right does not apply to prior conviction allegations. (*Ibid.*) Similarly, amended section 1170, subdivision (b)(3) "preserves this distinction." (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 938 (*Pantaleon*).)

Rule 4.421 sets out factors a court may consider as aggravating circumstances. As relevant here, recidivism-related aggravating factors include that the "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing

---

[5] *Lynch, supra,* 16 Cal.5th 730 and *Erlinger v. United States* (2024) 602 U.S. 821 [144 S.Ct. 1840] (*Erlinger*) were decided while this appeal was pending. We invited the parties to submit, and both parties did submit, supplemental briefing addressing these decisions.

seriousness" (rule 4.421(b)(2)), and that the "defendant has served a prior term in prison or county jail under section 1170[, subdivision ](h)" (rule 4.421(b)(3)). In *Lynch*, the California Supreme Court held that under section 1170(b), "[T]he facts supporting *every* aggravating circumstance upon which the trial court relies to 'justify' imposition of the upper term must be properly proven as the statute requires." (*Lynch*, *supra*, 16 Cal.5th at p. 757.) "Excluding properly proven prior convictions or a defense stipulation, a jury finding is now required for all facts actually relied on to impose an upper term." (*Ibid.*) If the trial court relies "on improperly proven aggravating facts to 'justify' an upper term sentence, a Sixth Amendment violation occurs." (*Id.* at p. 761.)

We review a trial court's selection of a sentencing term for abuse of discretion. (*People v. Salazar* (2023) 15 Cal.5th 416, 428, fn. 8.)

### B. Analysis

Here, the trial court relied on two aggravating factors in imposing the upper term—Taylor's prior convictions as an adult are numerous or of increasing seriousness (rule 4.421(b)(2)), and Taylor served a prior prison or county jail term under section 1170, subdivision (h) (rule 4.421(b)(3)). As to rule 4.421(b)(2), the court found Taylor's prior convictions were both numerous and of increasing seriousness.[6] As explained in *Lynch*, "[T]he facts supporting *every* aggravating circumstance upon which the trial court relies to 'justify' imposition of the upper term must be properly proven as the statute requires." (*Lynch*, *supra*, 16 Cal.5th at p. 757.) On appeal, Taylor does not challenge the court's conclusions that his prior convictions are

---

[6] We reject the People's contention that the trial court did not rely on the "increasing seriousness" component of rule 4.421(b)(2) in imposing the upper term. The record demonstrates otherwise.

numerous or that he served a prior term in prison or county jail under section 1170, subdivision (h). He contends the court's finding of increasing seriousness was not properly proven pursuant to section 1170(b) because that aggravating factor was required to be submitted to a jury and, therefore, the court erred. Taylor argues the increasing seriousness factor involves a subjective value judgment. Depending on how one looks at it, Taylor asserts, one might regard his felony convictions as showing a pattern of repeating the same type of crime, rather than a pattern of increasing seriousness.

We recently considered and rejected this argument in *People v. Morgan* (2024) 103 Cal.App.5th 488, review granted Oct. 2, 2024, S286493. There, the defendant argued the trial court could not determine that his prior convictions were numerous or of increasing seriousness (rule 4.421(b)(2)), or that he performed poorly on prior grants of probation (rule 4.421(b)(5)). (*Morgan*, at p. 517.) We repeat our discussion here.

"In *People v. Wiley* (2023) 97 Cal.App.5th 676, 686 (*Wiley*), review granted March 12, 2024, S283326, the court considered and rejected this same argument, observing that the appellate courts are divided on the import of amended section 1170, subdivision (b)(3), which states, in pertinent part, 'Notwithstanding paragraphs (1) and (2) [of section 1170, subdivision (b)], the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions.' (§ 1170, subd. (b)(3).)

" 'Some courts have treated the prior conviction exception under section 1170, subdivision (b)(3) as having the same scope as the exception under the Sixth Amendment. (. . . *Pantaleon*[, *supra*,] 89 Cal.App.5th [at p. ]938 [under 6th Amend. and § 1170, subd. (b)(3), "the fact of a prior

conviction includes 'other related issues that may be determined by examining the records of the prior convictions' "]; accord, *People v. Ross* (2022) 86 Cal.App.5th 1346, 1353, review granted Mar. 15, 2023, S278266 [under § 1170, subd. (b)(3), trial court could rely on certified conviction records to consider recidivism-based aggravating factors under rule 4.421(b), including the defendant's multiple offenses, prior prison term, and poor performance on parole and probation; trial court committed Senate Bill 567 error, however, by relying on "crime-based aggravating factors" set forth in rule 4.421(a)]; *People v. Flowers* (2022) 81 Cal.App.5th 680, 685–686, review granted Oct. 12, 2022, S276237.)' (*Wiley*, *supra*, 97 Cal.App.5th at p. 684, review granted.)

" 'Other courts have suggested that, under section 1170, subdivision (b)(3), such factors as the increasing seriousness of a defendant's convictions must (at least in some circumstances) be submitted to a jury rather than determined by the court from a certified record of convictions. (See *People v. Butler* (2023) 89 Cal.App.5th 953, 959, 961, 955, review granted May 31, 2023, S279633 [in analyzing prejudice from Senate Bill 567 error, appellate court stated (1) prior prison terms "could have been proven by certified records of conviction," but (2) it was "not clear whether a jury would have found beyond a reasonable doubt that Butler's four admitted prior convictions were of 'increasing seriousness' "]; *People v. Falcon* (2023) 92 Cal.App.5th 911, 952, fn. 12, 953–955, review granted Sept. 13, 2023, S281242 (*Falcon*) [noting "amended section 1170(b) now effectively incorporates Sixth Amendment principles," but questioning whether § 1170, subd. (b)(3) has the same scope as the constitutional exception for prior convictions, and ultimately declining to resolve that question]; see also *People v. Dunn* (2022) 81 Cal.App.5th 394, 404–405 & fn. 8, review granted Oct. 12,

2022, S275655 [some aggravating factors were proved by certified record of conviction or by defendant's admission; that defendant was on probation at time of charged offense was not proved by those methods, so upper term sentence was erroneous due to retroactive application of Senate Bill 567].)' (*Wiley*, *supra*, 97 Cal.App.5th at pp. 684–685, review granted.)

"After a thorough analysis of the Sixth Amendment and amended section 1170, subdivision (b)(3)—which ' "preserves [the] distinction" ' in Sixth Amendment jurisprudence establishing ' " 'the right to a jury trial does not apply to the fact of a prior conviction' " '—*Wiley* agreed with those courts concluding 'the prior conviction exception in section 1170, subdivision (b)(3) includes both the fact of a prior conviction and "other related issues" [citation] that may be determined from a certified record of conviction. (See [*People v.*] *Gallardo* (2017) 4 Cal.5th [120,] 138 ["Our precedent instructs that determinations about the nature of prior convictions are to be made by the court, rather than a jury, based on the record of conviction."].)' (*Wiley*, *supra*, 97 Cal.App.5th at p. 685, review granted, quoting . . . *Pantaleon*, *supra*, 89 Cal.App.5th at p. 938.) *Wiley* further agreed that 'these related issues include the two factors [defendant] contends the trial court should not have considered—the increasing seriousness of [his] convictions (rule 4.421(b)(2)) and his poor prior performance on probation (rule 4.421(b)(5)).' (*Wiley*, *supra*, at pp. 683–685.)

"We agree with *Wiley* and reach the same conclusion here." (*People v. Morgan*, *supra*, 103 Cal.App.5th at pp. 517–518.)

Taylor contends that *Erlinger*, *supra*, 602 U.S. 821 demonstrates that an examination of the conduct involved in a defendant's prior offenses— which he asserts is involved in determining increasing seriousness under rule 4.421(b)(2)—does not fall within the prior conviction exception. In

*Erlinger*, the United States Supreme Court considered a federal statute which imposes mandatory prison terms on defendants who have three prior convictions for violent felonies or serious drug offenses which were " 'committed on occasions different from one another.' " (*Erlinger*, at p. 825.) The court held that the separate occasions inquiry must be resolved by a jury. (*Id*. at p. 835.) In doing so, the court interpreted the scope of the prior conviction exception recognized in *Almendarez-Torres v. United States* (1998) 523 U.S. 224 [118 S.Ct. 1219], which "permitted a judge to undertake the job of finding the fact of a prior conviction—and that job alone." (*Erlinger*, at p. 837.) The court confirmed that *Almendarez-Torres* is a " 'narrow exception,' " under which a "judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id*. at p. 838; accord, *Lynch*, *supra*, 16 Cal.5th at p. 761.) Under the Sixth Amendment, a judge may not use information in prior conviction records "to decide 'what the defendant . . . actually d[id],' or the 'means' or 'manner' in which he committed his offense." (*Erlinger*, at pp. 839–840.) The court explained that deciding whether the past offenses occurred on different occasions under the governing statute "is a fact-laden task" which required more than merely identifying the defendant's "previous convictions and the legal elements required to sustain them." (*Id*. at pp. 834, 838.)

Our conclusion here is in line with *Almendarez-Torres* and *Erlinger*. To make a finding of increasing seriousness, a trial judge needs do no "more than identify [the defendant's] previous convictions and the legal elements required to sustain them." (*Erlinger*, *supra*, 602 U.S. at p. 838.) Additionally, the California Supreme Court has determined that a court may determine whether a defendant's prior convictions are numerous or of

increasing seriousness. (*People v. Black* (2007) 41 Cal.4th 799, 818–820, superseded by statute on other grounds as stated in *Lynch*, *supra*, 16 Cal.5th at p. 757.)[7] The "determinations whether a defendant has suffered prior convictions, and whether those convictions are 'numerous or of increasing seriousness' [citation], require consideration of only the number, dates, and offenses of the prior convictions alleged. The relative seriousness of these alleged convictions may be determined simply by reference to the range of punishment provided by statute of each offense." (*Black*, at pp. 819–820.) We "find no basis to ignore [*People v.*] *Black*," a decision "from our state's high court that address[es] the precise issue presented here, [has] not been overruled [on this ground], and . . . [is] binding on this court." (*Wiley*, *supra*, 97 Cal.App.5th at p. 683, review granted.) Therefore, the trial court did not err in making a finding on the increasing seriousness aggravating factor under rule 4.421(b)(2) rather than submitting it to the jury.[8]

## C. Additional Arguments

We reject Taylor's additional claims of error. First, he argues the trial court failed its "independent duty to protect" his rights under section 1170(b), asserting the court was aware the law was unsettled regarding the statute

---

[7] While *Lynch* involved amended section 1170(b), there the California Supreme Court made clear it was "unnecessary to address the scope of the prior conviction exception, either as a statutory or a constitutional matter, and we express no opinion on it here." (*Lynch*, *supra*, 16 Cal.5th at p. 775, fn. 20.) The court noted that in *Erlinger*, the United States Supreme Court had "recently issued a decision on the scope of the *Almendarez-Torres* exception," and the court explained it is "poised to consider the issue" in *Wiley*. (*Lynch*, at p. 775, fn. 20.)

[8] Because we conclude the court did not err by considering the increasing seriousness aggravating factor, we need not, and do not, address the parties' arguments about (1) whether Taylor forfeited his claim of error, and (2) whether the alleged error was prejudicial.

and therefore should have submitted the aggravating factors to the jury instead of asking the parties to decide how to proceed. Taylor cites no authority supporting his contention, and therefore his argument is waived. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [when an appellant fails to support a point with reasoned argument and citations to authority, we treat the point as waived].) In any event, because we conclude the court did not err by not submitting the aggravating factors to the jury, Taylor's argument fails.

Second, Taylor argues the trial court's cumulative errors require reversal and remand for resentencing. He contends the court improperly relied on the aggravating factor under rule 4.421(b)(5)—defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory—which cumulatively adds to the errors. We disagree. The record demonstrates the court did not rely on this aggravating factor. At the sentencing hearing, after the trial court discussed the aggravator factors under rule 4.421(b)(2) and (b)(3), it also mentioned that Taylor's prior performance on probation was unsatisfactory (rule 4.421(b)(5)). The prosecutor immediately clarified that the People were proceeding only on the factors set out in rule 4.421(b)(2) and (b)(3), and he requested the court strike any reliance on rule 4.421(b)(5).[9] The court did so and imposed sentence based on the two aggravating factors enumerated in rule 4.421(b)(2) and (b)(3), which it found outweighed any mitigating circumstances.

## III.  DISPOSITION

The judgment is affirmed.

_____

[9] The trial court had previously granted the People's request to dismiss the rule 4.421(b)(5) allegation.

13

LANGHORNE WILSON, J.

I CONCUR:

HUMES, P. J.

A168306
*People v. Taylor*

14

BANKE, J., CONCURRING

In *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), the United States Supreme Court considered the Armed Career Criminal Act (the Act of 1984; Pub.L. No. 98-473 (Oct. 12, 1984) 98 Stat. 2185), which "imposes lengthy mandatory prison terms on certain defendants who have previously committed three violent felonies or serious drug offenses on separate occasions." (*Erlinger,* at p. 825.)  The specific issue before the high court was whether a defendant is entitled to have a jury determine whether three such felonies were committed "on separate occasions." (*Ibid.*)  As the court pointed out, it has long been established "that a unanimous jury ordinarily must find beyond a reasonable doubt any fact that increases a defendant's exposure to punishment." (*Id.* at p. 836.)

There is an exception—which the court "announced" in *Almendarez-Torres v. United States* (1998) 523 U.S. 224—that permits a sentencing judge to consider " 'the fact of a prior conviction.' " (*Erlinger, supra,* 602 U.S. at p. 838, quoting *Alleyne v. United States* (2013) 570 U.S. 99, 111, fn. 1.)  That is, the judge may " 'determine what crime, with what elements, the defendant was convicted of.' " (*Erlinger,* at p. 838, quoting *Mathis v. United States* (2016) 579 U.S. 500, 511–512 (*Mathis*).)

In *Erlinger,* the court did not revisit this exception.  (*Erlinger, supra,* 602 U.S. at p. 838.)  "[N]o one in this case has asked us to revisit *Almendarez-Torres.*  Nor is there need to do so today.  In the years since that decision, this Court has expressly delimited its reach." (*Ibid.*)  Rather, the high court applied this exception to the specifics of the case at hand and concluded the sentencing court had transgressed the bounds of the *Almendarez-Torres* exception. (*Erlinger,* at pp. 838–839.)

1

Under Supreme Court precedent, deciding whether past offenses for purposes of the Act "occurred on three or more different occasions is a fact-laden task.  Were the crimes 'committed close in time'?  [Citation.]  How about the '[p]roximity' of their 'location[s]'?  [Citation.]  Were the offenses 'similar or intertwined' in purpose and character?  [Citation.]  All these questions . . . 'may be relevant' to determining whether the offenses were committed on one occasion or separate ones—and all require facts to be found before [the Act's] more punitive mandatory minimum sentence may be lawfully deployed."  (*Erlinger, supra,* 602 U.S. at p. 834.)  Thus, "[t]o determine whether Mr. Erlinger's prior convictions triggered [the Act's] enhanced penalties, the district court had to do more than identify his previous convictions and the legal elements required to sustain them.  It had to find that those offenses occurred on at least three separate occasions.  And, in doing so, the court did more than *Almendarez-Torres* allows."  (*Id.* at pp. 838–839.)

California Rules of Court, rule 4.421(b)(2) is unlike the federal Act and does not require a sentencing court to consider more than " 'what crime, with what elements, the defendant was convicted of.' "  (*Erlinger, supra,* 602 U.S. at p. 838, quoting *Mathis, supra,* 579 U.S. at pp. 511–512.)

This is the point made in *People v. Wiley* (2023) 97 Cal.App.5th 676, 687, review granted March 12, 2024, S283326.  As the Court of Appeal explained, as to the increasing seriousness of Wiley's convictions (Cal. Rules of Court, rule 4.421(b)(2)), the trial court "could properly conclude, based on the record of convictions, that [his] recent conviction for making a criminal threat ([Pen. Code,] § 422), a statutorily designated serious felony ([*Id.*,] § 1192.7, subd. (c)(38)), was more serious than his prior convictions, which were for drug offenses, driving under the influence (DUI), and possession of

2

ammunition. . . . [T]his determination did not require the court to engage in factfinding about the specifics of the offenses or to make subjective value judgments as to the relative seriousness of similar crimes." (*Wiley,* at p. 687.)

So, too, here. The certified record of convictions shows defendant sustained the following: In August 2013, a misdemeanor theft conviction (Pen. Code, §§ 484, subd. (a), 488); in September 2013, a misdemeanor violation of a domestic violence restraining order (*id.*, § 273.6); in May 2016, a misdemeanor weapons conviction (*id.*, § 22210); in November 2019, a misdemeanor vandalism conviction (*id.*, § 594, subd. (a)(2)); in February 2021, two felony burglary convictions (*id.*, § 459); in March 2021, misdemeanor convictions for theft (*id.*, §§ 484, subd. (a), 488) and resisting arrest (*id.*, § 148, subd. (a)(1)); and in June 2022, a felony second degree burglary conviction (*id.*, § 459).

In other words, the records of defendant's convictions, alone, show a chronology of increasing seriousness. Accordingly, the trial court did not transgress defendant's right to a jury trial in determining such and taking into account this recidivist sentencing factor.

BANKE, J.

3